IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Franklin Park Lincoln-Mercury, Inc.,            Case No. 3:09CV792

         Plaintiff

v.                                                                ORDER

Ford Motor Company,

         Defendant

      This is a suit between an automobile dealer and a manufacturer. The dealer, Franklin Park Lincoln-Mercury [Franklin Park], claims that the defendant Ford Motor Company [Ford] has violated: 1) provisions of Ohio's motor vehicle dealer statute, O.R.C. § 4517.01, *et seq.*; 2) provisions of the federal Automobile Dealers' Day in Court Act, 15 U.S.C. § 1221, *et seq.*; and 3) its fiduciary duties to plaintiff.

      Pending is Ford's motion for judgment on the pleadings. [Doc. 11]. Also pending is Franklin Park's motion to strike Ford's motion. [Doc. 13].

      The gravamen of Ford's motion for judgment on the pleadings is that a decision by the Ohio Motor Vehicle Dealers Board dismissing Franklin Park's protest under the statute has *res judicata* effect. Franklin Park represents, and Ford has not disputed, that: 1) the agency's dismissal was on

the basis of want of standing, rather than the merits of the protest; and 2) administrative proceedings are continuing.

Franklin Park asks that the pending motion for judgment on the pleadings be stricken for four reasons: 1) the motion, having been filed before the pleadings closed [*i.e.*, before Ford had filed its answer] is premature; 2) dismissal on the basis of lack of standing, rather than the merits, cannot have preclusive effect; 3) proceedings are continuing before the agency, such that the agency has yet to enter a final administrative order with preclusive effect; and 4) there is no congruence between the issues in the administrative proceedings and the issues raised by Franklin Park's complaint in this suit.

Each of Franklin Park's contentions is well taken. The motion to strike shall be granted.

Filing a motion for judgment on the pleadings can occur only after a party has filed its answer. *E.g.*, *Horen v. Bd. of Educ.*, 594 F.Supp. 2d 833, 840 (N.D. Ohio 2009). Ford's motion is, as Franklin Park contends, premature.

Dismissal for want of standing, rather than on the merits, cannot have preclusive effect. *See Gerstenberger v. Macedonia*, 97 Ohio App. 3d 167, 172–73 (1994) ("Determinations made in administrative proceedings are given preclusive effect . . . [only] if the proceedings culminated in a definitive resolution of the matters."). An adverse decision as to standing precludes consideration of the merits. *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St. 3d 451, 469 (1999) ("It is well-established that, before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue."). The agency action, if, indeed, based on a want of standing, cannot, as a matter of law, have preclusive effect.

Because, moreover, the administrative proceedings are still continuing, and because Franklin Park, apparently, has not waived its right to an appeal to the Common Pleas Court or received an adverse ruling from that tribunal, the administrative decision is not final. Without finality, the agency's ruling cannot have preclusive effect. *See Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals*, 31 Ohio St. 3d 260, 263 (1987) (lack of appeal of administrative decision caused it to be final and have preclusive effect).

The issues raised in Franklin Park's complaint in this case include federal claims, state law breach of fiduciary duty claims, and violations of provisions of the Ohio motor vehicle statute other than those at issue before the agency. All those claims differ significantly from the issues involved in Franklin Park's protest before the agency. To the extent that that is so, whatever happens before the agency, even if its decision becomes final, cannot operate preclusively. *Jacobs v. Teledyne, Inc.*, 39 Ohio St. 3d 168, 169–70 (1988) (for a prior decision to act as a bar, there must be identity of parties or their privies and identity of issues).

Ford contends that none of this matters, because I can deem its motion to be one for dismissal under Fed. R. Civ. P. 12(b)(6). And, Ford contends, I can consider the documents it has attached to its motion, even if converted to a Rule 12(b)(6) motion, under the doctrine of judicial notice, by which I can take judicial notice of matters of public record – such as the pleadings, exhibits and orders contained in an administrative agency's file. *See Horen*, *supra*, 594 F.Supp. 2d at 840.

I decline Ford's invitation. Given the various reasons for striking its pending motion, I prefer to do so *in toto*, without prejudice to its right to file a free-standing motion to dismiss. If Ford does so and wants to attach materials from the agency proceeding, Franklin Park can challenge the

3

attachments on a item-by-item basis. That way, I can determine whether I properly can consider all, some or none of the attachments in adjudicating the motion.

It is, therefore,

ORDERED THAT plaintiff's motion to strike [Doc. 13] defendant's motion for judgment on the pleadings [Doc. 11] be, and the same hereby is granted, without prejudice.

A scheduling conference is set for September 21, 2009 at 4:00 p.m.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge