IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANKLIN PARK LINCOLN-MERCURY, INC.,

                                    Plaintiff,                    Case No. 3:09 CV 792

                    -vs-
                                                                  MEMORANDUM   OPINION

FORD MOTOR COMPANY,

                                    Defendant.

KATZ, J.

This is a suit between an automobile dealer and a manufacturer. The dealer, Franklin Park

Lincoln-Mercury ("Franklin Park"), claims that Defendant Ford Motor Company ("Ford")

violated: 1) provisions of Ohio's motor vehicle dealer statute, O.R.C. § 4517.01 *et seq.*; 2)

provisions of the federal Automobile Dealers' Day in Court Act, 15 U.S.C. § 1221 *et seq.*; and 3)

its common law fiduciary duties to plaintiff.  Pending is Defendant's motion for judgment on the

pleadings, or in the alternative, motion to dismiss. (Doc. 21).  For the reasons set forth below,

Defendant's motion will be granted in part and denied in part.

**I. Background**

Plaintiff operates a Lincoln-Mercury new motor vehicle dealership at 5272 Monroe Street,

Toledo, Ohio under a franchise agreement between itself and defendant.  Before 2008, there was

another Lincoln-Mercury dealership, Rouen Lincoln-Mercury ("Rouen"), located at 1361 Conant

Street, Maumee, Ohio.  Brondes Ford Maumee, Ltd. ("Brondes Ford") is, and has at all relevant

times been, located at 1511 Reynolds Road, Maumee, Ohio.

Sometime in late 2007 or early 2008, Rouen and Brondes Ford entered contract

negotiations for Brondes Ford to purchase the Rouen Lincoln-Mercury dealership. Plaintiff alleges

that Defendant participated in these negotiations and kept them secret from him.

Under the negotiated sale agreement between Rouen and Brondes Ford, Brondes Ford agreed to operate the Lincoln-Mercury dealership at the Rouen location for however long it would take for Brondes to relocate the dealership to the Brondes Ford location.  Brondes Ford operated the Rouen dealership at the Rouen location for one day before moving it to the Brondes Ford location.  After Rouen and Brondes Ford finalized the sale agreement, Defendant notified Plaintiff of the Rouen/Brondes Ford ownership change.

After receiving notice of the ownership change, Plaintiff filed a notice of protest with the Ohio Motor Vehicle Dealers Board ("Board").[1]  The Board's Hearing Examiner stated that "[t]he statutory language of Revised Code 4517.50 is determinative of the issues raised herein." (Doc. 21, Ex. 9, at 4). He concluded that defendant was not required to provide Plaintiff notice of the ownership change under the Ohio Dealer Act because: 1) the Rouen/Brondes transaction did not create an additional new motor vehicle dealer in the relevant market area and thus § 4517.50(A) [the notice requirement] did not apply; and 2) the relocation of the Rouen dealership to the Brondes location was a move of less than one mile, and thus fell within an exception to the notice requirement, § 4517.50(C)(1). He determined the protest should be dismissed because notice was not required, and thus no right to protest arose:

---

[1]

Defendant has attached several exhibits to its motion consisting of decisions by the Board and Ohio courts, and briefs and exhibits filed with the Board or courts. Defendant also supplemented its motion with a decision denying review by the Ohio Supreme Court. Plaintiff contends that if the Court considers these, then the motion must be converted to one for summary judgment. But because defendant's motion rests on collateral estoppel, and because these documents are public records, this Court may properly look to them for the sole purpose of determining what issue or issues the Board and the courts decided. See *Winget v. JP Morgan Chase Bank*, 537 F.3d 565, 576 (6th Cir. 2008) (holding that district court could properly look at prior court orders in determining whether to dismiss complaint on *res judicata* grounds).

2

>Given that no additional new motor vehicle dealer was established in Protestants'
>Relevant Market Area and given that the relocation of the Brondes dealership from
>the Conant Street address to the S. Reynolds road address was less than a mile,
>Ford Motor Company was not required to provide the statutory notice set out in
>R.C. 4517.50(A). As such, Protestant's protest is dismissed as is its Motion for
>Injunctive relief.

(Doc. 21, Ex. 9, at 7).

The Board adopted the Hearing Examiner's Report and Recommendation.  Plaintiff then

appealed the Board's decision to the Franklin County, Ohio, Court of Common Pleas ("Common

Pleas Court").  In the "Statement of the Case" section of its "Decision on Merits of Administrative

Appeal", the Common Pleas Court summarized the issue before it:

>[Plaintiffs] are attempting to secure the right to protest the purchase and subsequent
>relocation of a Lincoln-Mercury dealership by Brondes. Appellants claimed that
>they had a right to notice and a right to protest. Ford and Brondes argued that the
>matter was subject to exceptions within the law and the [plaintiffs] were not
>entitled to notice or protest. The Board determined that [plaintiffs] did not have a
>right of protest.

(Doc 21, Ex. 17, at 1-2).

The court noted, "[t]his appeal turns on the application of the following statutory

language," and quoted O.R.C. § 4517.50. The court held that the Board's decision was correct; §

4517.50 did not entitle plaintiff to notice and a right to protest. The court held that the

Rouen/Brondes transaction fell within two exceptions to § 4517.50(A)'s notice

requirement—(C)(1), exempting relocations of existing dealerships of less than one mile, and

(C)(2), exempting sales or transfers of existing dealerships where "the transferee proposes to

engage in business at the same location."

The Common Pleas Court indicated that it

>finds no problem with a contract between two dealerships that contemplates both
>the buy/sell of an existing franchise within a contract that also contemplates the

3

> moving of the franchise once authority has been given by the Board. Ford is free to sanction such a contract without the need to issue any notice as required by R.C. § 4517.50(A) as long as one or more of the exemptions in R.C. § 4517.50(C) apply to the transaction.

(Doc. 21, Ex. 19, at 14).

Plaintiff then appealed to the Tenth District Court of Appeals for Ohio. On August 4, 2009, that court, focusing on § 4517.50, held that the Board and Common Pleas Court correctly determined plaintiff was not entitled to notice, again because the two exceptions to the notice requirement identified by the Common Pleas Court applied to the Rouen/Brondes transaction:

> Specifically with regard to R.C. 4517.50(C)(1), it is undisputed that the new Brondes dealership was less than one mile away from the existing Brondes dealership. Thus, R.C. 4517.50(C)(1) exempted Ford from the notice requirement in section (A).
> The Board and the Common Pleas Court also had sufficient evidence to find "that the deal between Brondes and Rouen was for the sale or transfer of an existing new motor vehicle dealer," and that Brondes did propose to engage in business at the existing Rouen location albiet only briefly. (Trial court's decision, at 8.) Thus, R.C. 4517.50(C)(2) also exempted Ford from the notice requirement in section (A).

(Doc. 21, Ex. 24, at 6).

The court went on to state that, "[h]aving found that either exemption in R.C. 4517.50(C) applies to the transaction at issue in this case, we overrule the second assignment of error [alleging that the exemptions did not apply]. The first, third, fourth, fifth, and sixth assignments of error are thereby rendered moot." (Doc. 21, Ex. 24, at 8).  The Ohio Supreme Court declined to review this decision on December 16, 2009. (Doc. 26, Ex. 1).

Plaintiff brought the present suit alleging defendant violated provisions of Ohio Motor Vehicle Dealers Act, Federal Automobile Dealers' Day in Court Act, and breach of fiduciary duty. These claims are based on defendant's knowledge of and involvement in the Rouen/Brondes

4

transaction. Plaintiff claims Defendant's actions were undertaken in bad faith and with the intent of putting plaintiff out of business.  Specifically, Plaintiff alleges that Defendant knows the Toledo market cannot sustain two Lincoln-Mercury dealerships, and that Defendant made a "calculated and deliberate attempt to circumvent plaintiff's rights." (Doc. 1, at 6). Plaintiff also alleges that Defendant's actions are an attempt to drive Plaintiff out of business through a "constructive termination of [Plaintiff's] franchises." (Doc. 1, at 6).

Defendant filed the present motion for judgment on the pleadings, or to dismiss, arguing that Plaintiff has already litigated all the issues in the present case, and as such, is barred by issue preclusion from litigating them here.

## II. Standard of Review

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss.  *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007); *Thurman v. Pfizer, Inc*., 484 F.3d 855, 859 (6th Cir. 2007).  "To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Twombly*, 127 S.Ct. at 1965 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action").  A complaint must state sufficient

5

facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). As the Court explained in *Iqbal*, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. But "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

## III. Discussion

Defendant asks the Court to hold Plaintiff's present suit barred under the doctrine of collateral estoppel and grant Defendant judgment on the pleadings. Plaintiff argues that the suit is not barred because the elements of issue preclusion are not met with respect to its claims.[2] For the reasons discussed below, the Court holds that Plaintiff is precluded from relitigating whether Defendant was required to provide it notice of the Rouen/Brondes transaction and whether Plaintiff was entitled to protest that transaction. Plaintiff is not precluded from pursuing its other claims.

Federal courts must give a state court judgment the same preclusive effect that it would have in state court. 28 U.S.C. § 1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Therefore, this issue is to be decided under Ohio collateral estoppel law. Under

---

[2] Plaintiff also asserts that the prior proceedings were decided on standing grounds, rather than on the merits, and that they therefore do not have preclusive effect. But the decisions at issue here were not based on standing. Instead, each of the previous decisions at issue here determined that, under the Ohio Motor Vehicle Dealers Act, Plaintiff fell within an exception to the statute requiring notice of certain dealership transactions, thus determining the merits of the claim. See *Bob Tatone Ford, Inc. v. Ford Motor Co.*, 140 F. Supp. 2d 817, 823-24 (S.D. Ohio 2000) (holding that another court's determination that the Ohio Motor Vehicle Dealers Act did not apply because its effective date was after the date of a franchise agreement was a decision on the merits, not one based on lack of standing).

Ohio law, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59, 61 (2007).[3]

In *Fort Frye Teachers Association, OEA/NEA v. State Employee Relations Board*, 81 Ohio St. 3d 392, 395 (1998), the Ohio Supreme Court defined collateral estoppel as follows:

> [A] fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.

The burden is on the party asserting issue preclusion to show that the "'identical issue was actually litigated, directly determined, and essential to the judgment in the prior action.'" *State ex rel. Davis v. Pub. Employees Ret. Bd.*, 120 Ohio St. 3d 386, 392 (2008) (quoting *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St. 2d 193, 201 (1983)). The party asserting issue preclusion must also show that there was a "full and fair opportunity to litigate [the] issue in the first action." *Goodson*, *supra*, 2 Ohio St. 2d at 201.

The test for whether two issues are "the same" is as follows::

> If the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other.

*Monahan v. Eagle Picher Industries, Inc.*, 21 Ohio App. 3d 179, 181 (1984) (internal quotation omitted).

---

[3]Defendant's present motion, however, only seeks dismissal on collateral estoppel grounds, not claim preclusion grounds. See Defendant's brief in support, Doc. 21 at 6 ("[T]he instant motion specifically seeks dismissal based on issue preclusion, also known as collateral estoppel").

Additionally, under Ohio law, issue preclusion applies to administrative agency proceedings as well as court decisions. *State ex rel. Davis*, *supra*, 120 Ohio St. 3d at 392 ("Collateral estoppel applies equally to administrative proceedings.") (internal quotation omitted).

The Court will now proceed to consider which issues were actually litigated below, and what issues are precluded from relitigation because of collateral estoppel.

## *A. What Was Litigated*

The issue litigated before the Board and the Ohio state courts was a narrow one: whether the Ohio statute entitled plaintiff to notice of the Rouen/Brondes transaction and an opportunity to protest that transaction in advance of its finalization.  Contrary to Defendants' assertion that "[t]here is no question that the issue of whether Ford's conduct constituted an impermissible installation of a dealership was already at issue and determined," (Doc. 25, at 5), an examination of each prior decision makes clear that none made so broad a determination.

For example, the Report and Recommendation of the Board's hearing officer, which was subsequently adopted by the Board, states that "[t]he statutory language of Revised Code 4517.50 is determinative of the issues raised herein", concluding that "[Defendant] was not required to provide the statutory notice set out in R.C. 4517.50(A)." [Doc. 21, Ex. 9, at 4, 7].  So too, in its "Decision on the Merits of Administrative Appeal" the Common Pleas Court began its statement of the case with the sentence: "Appellants are attempting to secure the right to protest the purchase and subsequent relocation of a Lincoln-Mercury dealership by Brondes." (Doc. 21, Ex. 19, at 1). The court summarized the Board's decision as determining that "there did not exist a right of protest because the actions of Ford, Brondes and Rouen fell within the exceptions as noted in R.C. 4517.50(C)." (Doc. 21, Ex. 19, at 4-5).  The court later stated, "[t]his appeal turns on the

8

application of the following statutory language", and then quoted § 4517.50.  Finally, the Tenth

Appellate District of the Ohio Court of Appeals, in framing its decision, stated, "[b]ecause it is

dispositive of the entire case, we will first address the second assigned error, which turns on the

following statutory language in [§ 4517.50]." (Doc. 21, Ex. 24, at 5).

Thus, the issue addressed in each decision was that Defendant was not required by statute

to give notice to Plaintiff of the Rouen/Brondes transaction because it fell within exceptions to the

notice requirement.  As such, the Board and courts concluded that Plaintiff had no right to protest

the transaction.  The facts "'essential to the judgment in the prior action[s],'" *State ex rel. Davis*,

*supra*, 120 Ohio St. 3d at 392 (quoting *Goodson*, *supra*, 2 Ohio St. 2d at 201), were those that

established that the exceptions to the notice requirement applied, namely, that: 1) the

Rouen/Brondes transaction was for the sale or transfer of an existing dealership, placing the

transaction within the exception in § 4517.50(C)(2); and 2) the move from the Rouen location to

the Brondes dealership was less than one mile, placing the transaction within the exception in §

4517.50(C)(1).

*B. Preclusion*

**1. Ohio Motor Vehicle Dealers Act**

Plaintiff's first cause of action alleges violations of the Ohio Motor Vehicle Dealers Act,

O.R.C. § 4517.01 *et seq.*

Based on the discussion above, Plaintiff is precluded from relitigating the issue of whether

it was entitled to notice of the Rouen/Brondes transaction and an opportunity to protest that

transaction.  Thus, Plaintiff's claim that "Ford's actions constituted an impermissible installation

of a Lincoln/Mercury dealer within Franklin Park's relevant market area, without appropriate

notice and opportunity for exercise of protest rights," is precluded. (Doc. 1, at 6).  Plaintiff may not raise a claim that it was entitled to notice and an opportunity to protest based on § 4517.50, as this is the narrow issue that was"full[y] and fair[ly]" litigated before the Board and the Ohio courts. *Goodson*, *supra*, 2 Ohio St. 2d at 201.

Plaintiff is similarly precluded from relitigating the facts that were "'actually litigated, directly determined, and essential to the judgment in the prior action.'" *State ex rel. Davis*, *supra*, 120 Ohio St. 3d at 392 (quoting *Goodson*, *supra*, 2 Ohio St. 2d at 201).  In this case those facts are: 1) that the Rouen/Brondes transaction was for the sale of an existing dealership; 2) that Brondes Ford intended to engage in business at the Rouen location; and 3) that the move of the new Brondes Lincoln-Mercury dealership to the Brondes Ford location was less than a mile.

Finally, Plaintiff is precluded from arguing a claim based on Ohio Rev. Code § 4517.57, which provides that once a protest is filed under § 4517.50, the protested action may not occur unless the Board determines after a hearing that there is good cause for the action.  Because the right to a good cause hearing only arises after a protest is filed, and because the prior decisions concluded that Plaintiff has no right to protest, this claim is precluded.

Plaintiff's good faith claim under the Ohio Motor Vehicle Dealers Act is, however, not precluded.  For example, Plaintiff argues that "Ford has acted in bad faith" and that "Ohio Revised Code 4517.59 bars Ford from failing to act in good faith in its treatment of Franklin Park, and it further forbids Ford from engaging in any predatory practice or acting in a discriminatory manner with regard to Franklin Park." (Doc. 1, at 6). The issue of whether defendant's actions violated this provision was not "actually litigated", and the facts underlying the bad faith claim were not decided by the Board or any previous court.

10

**2. Automobile Dealers' Day in Court Act**

Plaintiff's second cause of action alleges violations of the Automobile Dealers' Day in Court Act; specifically, that Defendant violated 15 U.S.C. § 1222, which provides that an automobile dealer may bring suit based on a manufacturer's "failure . . . to act in good faith in performing or complying with any of the terms or provisions of the franchise, or in terminating, canceling, or not renewing the franchise with said dealer."  Defendant argues this cause of action should be dismissed because Plaintiff raised these violations before both the Board and the Ohio courts and the claim is based on the same facts alleged in that court.

To the extent that Defendant contends that Plaintiff may not bring any claim based on anything it has previously argued, its argument is not well taken. The standard is that issues are precluded when the "'identical issue was actually litigated, directly determined, and essential to the judgment in the prior action,'" *State ex rel. Davis*, *supra*, 120 Ohio St. 3d at 392 (quoting *Goodson*, *supra.*, 2 Ohio St. 2d at 201, not simply when issues are presented or argued.  Because Defendant's good or bad faith was not *litigated* in the prior proceedings, "the two actions rest upon different states of facts," *Monahan*, *supra*, 21 Ohio App. 3d at 181, and issue preclusion does not prevent Plaintiff from bringing this claim.

**3. Breach of Fiduciary Duty**

Plaintiff's third cause of action alleges that Defendant breached its fiduciary duties toward Plaintiff by the alleged violations of the Ohio Motor Vehicle Dealers Act and the Federal Automobile Dealers' Day in Court Act.  Defendant argues this claim should be dismissed because "while plaintiff did not directly allege a claim of breach of fiduciary duty against Ford, Plaintiff

11

relied on the same set of operative facts for its current breach of fiduciary duty [claim] and asserted a functionally equivalent claim." (Doc. 21, at 13).

While Defendant claims that "it has already been determined that Ford did not act contrary to law with respect to the Rouen-Brondes buy-sell transaction, and thus Ford could not have acted in bad faith or breached any alleged duties," (Doc. 21, at 16), this argument proves too much. The prior decisions determined only whether Plaintiff had a right to protest the Rouen/Brondes transaction, not whether Defendant had acted contrary to *any* law. Plaintiff is precluded from basing a breach of fiduciary duty claim on its claim that Defendant was required to provide it notice of the Rouen/Brondes transaction under § 4517.50(A) and that it was entitled to protest that transaction. Plaintiff is not, however, precluded from bringing *any* fiduciary duty claim.

To establish a breach of fiduciary duty under Ohio law, a plaintiff must show: 1) the existence of a duty arising from a fiduciary relationship; 2) a failure to observe the duty; and 3) an injury resulting proximately therefrom. *Camp St. Mary's Assn of W. Ohio Conf. of the United Methodist Church v. Otterbein Homes*, 176 Ohio App. 3d 54, 68 (2008).

As noted above, for collateral estoppel to apply, the issue must have been "actually litigated, directly determined, and essential to the judgment in the prior action,'" *State ex rel. Davis*, *supra*, 120 Ohio St. 3d at 392 (quoting *Goodson*, *supra.*, 2 Ohio St. 2d at 201). The facts necessary to establish that Defendant breached a fiduciary duty are not the narrow set of facts necessary to establish that Plaintiff had no right to protest. Because Plaintiff has alleged enough to establish a plausible breach of fiduciary duty claim based on Defendant's alleged violations of the Automobile Dealers' Day in Court Act or other sections of the Ohio Motor Vehicle Dealers Act, Defendant's motion will be overruled as to this claim.

12

**IV. Conclusion**

For the above reasons, the Defendant's motion for judgment on the pleadings (Doc. 21) is granted in part and denied in part.  Plaintiff's claims under the Automobile Dealers' Day in Court Act and for breach of fiduciary duty are not precluded by collateral estoppel nor is Plaintiff's claim under the Ohio Motor Vehicle Dealers Act for bad faith under Ohio Revised Code § 4517.59.  However, Plaintiff is precluded from asserting claims under the Ohio Motor Vehicle Dealers Act  that it was entitled to notice of and an opportunity to protest the Rouen/Brondes transaction and that it was entitled to a good cause hearing, and is precluded from relitigating certain factual issues, as described in more detail above.

IT IS SO ORDERED.

_s/ David A. Katz_
DAVID A. KATZ
U. S. DISTRICT JUDGE